IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-22-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DARRYL CHRISTOPHER DAVENDER, | ) | |
| | ) | |
| Defendant. | ) | |

On June 6, 2011, pursuant to a plea agreement [D.E. 24], Darryl Christopher Davender ("Davender") pleaded guilty to one count of possession with intent to distribute five grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). See [D.E. 1] 1; [D.E. 24] 1, 5. On October 5, 2011, the court held Davender's sentencing hearing. See Sentencing Tr. [D.E. 47]. At the hearing, the court adopted the facts in the Presentence Investigation Report ("PSR") [D.E. 34] and ruled on Davender's objection. See Sentencing Tr. 3–8; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Davender's total offense level to be 17, his criminal history category to be III, and his advisory guideline range to be 30 to 37 months. See Sentencing Tr. 3–8, 13. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court upwardly varied and sentenced Davender to 72 months' imprisonment. See id. 23–31; [D.E. 37].

On October 9, 2014, Davender filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 57]. Davender's new advisory guideline range is 24 to 30 months' imprisonment, based on a total offense level of 15 and a criminal history category of III. See id. Davender seeks a 59-month sentence. See id. The government opposes Davender's request. See Resentencing Report.

The court has discretion to reduce Davender's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Davender's sentence, the court finds that Davender engaged in serious criminal conduct. See PSR ¶¶ 1–10. Furthermore, Davender has a lengthy and disturbing criminal history, including multiple convictions for serious drug offenses and violent behavior. See id. ¶¶ 13–23. He also has been convicted as a habitual felon. See id. ¶ 22. Upon Davender's release after that conviction and six-year sentence, he engaged in the drug dealing that led to his offense of conviction in this case. Moreover, when not incarcerated, Davender recidivates. See id. ¶¶ 13–23. Davender defies age-related recidivism statistics and has been a committed drug dealer for much of his adult life. See id. ¶¶ 16–21. While incarcerated on his federal sentence, Davender has taken some positive steps but also has been sanctioned for possessing a hazardous tool. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that Davender received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Davender's sentence would threaten public safety in light of his serious criminal conduct, criminal history, and misconduct in prison. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Davender's serious criminal conduct, criminal history, and misconduct in prison do not support reducing Davender's sentence. Thus, the court denies Davender's motion for reduction of

sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Davender's motion for reduction of sentence [D.E. 57] is DENIED.

SO ORDERED. This _6_ day of May 2016.

                                             JAMES C. DEVER III
                                             Chief United States District Judge

3